IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC | § § | CHAPTER 11 |
| Debtor. | § § | |
| JETALL COMPANIES, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | ADVERSARY NO. 24-_____ |
| JACKSON WALKER, LLP, *et al* | § § § | |
| Defendants. | § § § | |

### NOTICE OF REMOVAL

Houston 2425 Galleria, LLC files this Notice of Removal (the "Notice") of *Jetall Companies, Inc. v. Jackson Walker, LLP*, Cause No. 2024-83809 (the "State Court Case"), pending before the 55th Judicial District Court of Harris County, Texas (the "State Court") to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or "Court") and, in support thereof, respectfully states as follows:

### THE PARTIES

1. Plaintiff Jetall Companies, Inc. ("Jetall") is a Texas corporation located in Houston Texas.

2. Defendant Jackson Walker LLP ("Jackson Walker") is a limited liability partnership located in Harris County, Texas.

4935-9349-4787.v3

3. Defendant Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury") is a limited liability partnership located in Harris County, Texas.

4. Defendant Houston 2425 Galleria, LLC ("Houston 2425") is a Delaware Limited Liability Company located in Harris County, Texas.

5. Defendant Millie Shah is an individual residing in Harris County, Texas.

6. Defendant Nirav Shah is an individual residing in Harris County, Texas.

7. Defendant Nikhil Shah is an individual residing in Harris County, Texas.

8. Defendant Jones Lang Lasalle, Inc. ("JLL") is a Delaware Corporation located in Cook County, Illinois.

9. Defendant William Keith Maxwell III is an individual residing in Harris County, Texas.

10. Defendant Allen Lawrence Berry is an individual residing in Harris County, Texas.

11. Defendant Azeemeh Zaheer is an individual residing in Harris County, Texas.

12. Defendant Riverway Group, LLC ("Riverway") is a Delaware Limited Liability Company located in Harris County, Texas.

13. Defendant Bobby Salehi is an individual located in Harris County, Texas.

## BACKGROUND

14. This chapter 11 case commenced on December 5, 2023, when Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (the "Bankruptcy Case").

15. The Debtor formerly owned the office building located at 2425 West Loop South, Houston, Texas (the "Property") in which Jetall was a tenant. Debtor and Jetall are under the ultimate common ownership and control of Ali Choudhri.

16. Houston 2425 is the assignee of National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") and NBK's rights to acquire the Property pursuant to the order authorizing the sale of the Property free and clear of, among other things, Jetall's lease with the Debtor (the "Sale Order"). See Docket No. 608. Pillsbury has represented NBK for several years in connection with Debtor's default of a loan made to the Debtor for the purchase of the Property and in connection with both this Bankruptcy Case and the Debtor's previously dismissed chapter 11 case.

17. As this Court is aware, Jetall continues to occupy and refuses to vacate suite 1100 (11th floor) of the Property, trespassing and diminishing the value of the Property notwithstanding the Sale Order requiring that parties in possession of an interest in the Property, like Jetall, immediately surrender that interest to the purchaser after the sale. [Docket No. 608 at p. 7 ¶¶ L and N; p. 14 ¶ 9; p. 26 ¶ 35].

18. Houston 2425 commenced an eviction proceeding against Jetall in the Harris County Justice of the Peace Court, Precinct 1, Place 1 (the "JP Court"), styled *Houston 2425 Galleria, LLC v. Jetall Companies, Inc.*, Cause No. 241100353166 (the "Jetall Eviction Case"). Pillsbury never appeared in the Jetall Eviction Case.

19. On October 19, 2024, the JP Court granted Jetall's motion to disqualify Jackson Walker as Houston 2425's counsel (the "DQ Order"). The JP Court then held a trial on November 12, 2024 and entered an order dismissing the eviction proceeding "due to lack of jurisdiction."

20. NBK, for itself and for the benefit of Houston 2425, then filed an Emergency Motion to Enforce the Sale Order (the "Motion to Enforce"). [Docket No. 816]. This Court granted emergency consideration of the Motion to Enforce, set a hearing for November 21, 2024, and required any responses to be filed by 5:00 pm on November 20, 2024. [Docket No. 817].

21. Shortly after 5:00 p.m. on November 20, 2024, Jetall filed its response to the Motion to Enforce in which, among other things, it argued for the first time that the JP Court's DQ Order somehow disqualified Pillsbury from representing Houston 2425 and NBK in this Bankruptcy Case – even though Jetall never sought to disqualify Pillsbury, or even mention Pillsbury or any of its attorneys, in its underlying motion to disqualify.

22. At the hearing on November 21, 2024, the Bankruptcy Court admonished Jetall that it, not a state court, determines who may appear before it and any effort to disqualify counsel from appearing before the Bankruptcy Court requires a motion to the Bankruptcy Court.

23. On November 29, 2024, Jetall then filed the State Court Case against Jackson Walker, Houston 2425, Pillsbury and many others, seemingly as it relates to filing of the Jetall Eviction Case. *See* <u>Exhibit B</u>.  It appears that, through the State Court Case, Jetall, among other things, seeks to limit the ability of parties to assert claims or rights based on orders of this Court, including seeking to compel Jetall to vacate the Property, and the ability of Pillsbury to represent parties before this Court in connection with efforts to, among other things, enforce the Sale Order or other orders of this Court.

24. As of the date of this filing, neither Pillsbury nor Houston 2425 have been served with the original petition or a citation in connection with the State Court Case,  and no relief has been granted by the State Court.

25. This notice of removal has been filed within three days of the filing of the State Court Case.

## REQUESTED RELIEF

26. The State Court Case is a civil action of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1334(b).

27. In the State Court Case, Jetall seeks over "one billion dollars" against Defendants for, among other things, purportedly depriving "[Jetall] and Mr. Choudhri of their interest in a multitude of invaluable real estate transactions" and "ownership of certain real unique real estate" which ostensibly includes the Property that is the subject of this Bankruptcy Case. *See* Exhibit B at ¶ 26. Jetall also seeks to enjoin the Defendants in that action, including Pillsbury and Houston 2425, from, *inter alia*, "attempt[ing] to obstruct, thwart, disrupt, or derail in any manner, the lawful business practices of [Jetall], and its related business entities, in the marketplace" in an apparent attempt to prevent Houston 2425 and/or NBK (by extension of its counsel) from asking this Court to enforce its Sale Order and to evict Jetall from the Property or otherwise to enforce orders of this Court that might impact Jetall and unspecified related business entities. *See* Exhibit B at ¶¶ 67-71.

28. This notice of removal has been timely filed under appliable statutes and rules of procedure.

29. For the reasons expressed herein, and pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027 ("Bankruptcy Rule 9027"), Houston 2425 hereby removes the State Court Case to the Bankruptcy Court.

## **BASIS FOR RELIEF**

30. 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Because the State Court is within the United States District Court for the Southern District of Texas (the "Southern District Court"), the State Court Case may be removed to the Southern District Court.

31. Bankruptcy Rule 9027 provides that, unless extended, the time within which a matter needs to be removed is 30 days after receipt of both a complaint (petition) and summons (citation). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1998) (applying Bankruptcy Rule 9027's statutory counterpart, 28 U.S.C. § 1446(b)).

32. The State Court Case necessarily involves, among other things, the scope and reach of the Sale Order, and seeks to limit the ability of Pillsbury to represent parties before this Court, and it therefore concerns the administration of this estate. The issues implicated by the State Court Case, thus, fall within this Court's "arising in" jurisdiction and its inherent authority to regulate practice before it under 28 U.S.C. § 1334 and 11 U.S.C. § 105. *See e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." (citations omitted). As such, and for other reasons, the State Court Case articulates disputes that are core proceedings under 28 U.S.C. § 157(b)(2). *See e.g., Matter of McDermott Int'l, Inc*. No. 23-204436, 2024 WL 3875141, at *2 (5th Cir. Aug. 20, 2024) (arising in jurisdiction "implicates the bankruptcy court's power to interpret and enforce its own orders, [and thus,] it is core in at least the 'arising in' way.").

33. Because (a) the State Court Action raises core issues that are within this Court's arising in jurisdiction and (b) was timely removed, the State Court Case may be heard and determined by the Bankruptcy Court and removal is proper. All bankruptcy-related matters have been referred to the Bankruptcy Court by the Southern District Court. *See In re: Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012).[1]

---

[1] Alternatively, the Court has "related-to" jurisdiction over the State Court Action because its resolution has conceivable impacts on this estate and administration by implicating the quality of title conveyed to Houston 2425.

6

34. In compliance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, a notice of removal will be filed with the clerk of this Court, along with every document filed in the State Court proceeding as required by Rule 9027 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

35. A copy of the docket sheet in the State Court Case is attached hereto as Exhibit A. A copy of the pleading in the State Court Case is attached hereto as Exhibit B.

36. Pursuant to Local Rule 9027-1, a copy of this Notice will be filed with the Clerk of the State Court promptly and served upon the Plaintiff's attorneys.

37. Pursuant to Fed. R. Bankr. P. 9027(a)(1) and Local Rule 9027-2, Houston 2425, as the removing party, consents to the entry of final orders or judgment by the Bankruptcy Court.

38. For the avoidance of doubt, Pillsbury joins in this removal notice and also consents to the entry of final orders or judgment by the Bankruptcy Court.

4935-9349-4787.v3

DATED: December 3, 2024

                                          */s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
PILLSBURY WINTHROP SHAW PITTMAN, LLP
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- *and* -

Andrew M. Troop  (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for Houston Galleria 2425, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 3, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on all parties who are deemed to have consented to ECF electronic service.

                                          */s/ Charles C. Conrad*
                                          Charles C. Conrad