**EXHIBIT B**

Case 24-03257   Document 1-2   Filed in TXSB on 12/03/24   Page 2 of 18

11/29/2024 5:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94799502
By: Tianni Williams
Filed: 12/2/2024 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **JETALL COMPANIES, INC.** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **JACKSON WALKER, LLP,** *et al* | § | |
| *Defendants* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

HARRIS COUNTY, TEXAS

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, JETALL COMPANIES, INC., (the "Plaintiff"), complaining of: **(1) HOUSTON 2425 GALLERIA, LLC; (2) JACKSON WALKER LLP; (3) PILLSBURY WINTHROP SHAW PITMAN LLP; (4) MILI SHAH; (5) NIRAV SHAH; (6) NIKHIL SHAH; (7) JONES LANG LASALLE, INC; (8) WILLIAM KEITH MAXWELL III; (9) ALLEN LAWRENCE BERRY; (10) AZEEMEH ZAHEER; (11) RIVERWAY GROUP, LLC; (12) BOBBY SALEHI; (13) DAVID TANG; (14) OMAR KHAWAJA; (15) DAVID TANG; and (16) OSAMA ABDULLATIF,** hereinafter (the "Defendants"), and for claims and cause of action would respectfully show the Honorable Court the following:

### DISCOVERY PLAN

1.  As provided in Rule 190 of the Texas Rules of Civil Procedure, your Plaintiff intends to conduct discovery in this cause under Level 2.

### PARTIES

2.	Plaintiff, **Jetall Companies, Inc**., is a Texas corporation, with its principal place of business in Harris County, Texas, located at: **2425 West Loop Suite 1100, in Houston, Harris County, Texas 77027.**

3.	Defendant **Jackson Walker LLP** is a limited liability partnership. This Defendant maybe served with process by serving Priya Coffey, the Managing Partner of the law firm's Houston office at: **1401 McKinney Street, Suite 1900, in Houston, Texas 77010-4037, or wherever else found**.

4.	Defendant, **Pillsbury Winthrop Shaw Pitman LLP**, is a limited partnership. The limited Liability Partnership may be served with process by serving Amanda Halter, the firm's managing partner of its Houston office, at: **609 Main Street, Suite 2000, in Houston, Texas 77002-3167, or wherever else found.**

5.	Defendant **Houston 2425 Galleria, LLC**, a Delaware Limited Liability Company. The limited Liability Partnership may be served with process by serving the registered agent, Capitol Corporate Services, Inc. located at: **1501 S Mopac Expy Ste 220 Austin, TX 78746, or wherever else found.**

6.	Defendant **Millie Shah** is an individual, resident if Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **66 Haven Shore Ln., Sugarland, TX 77479, or wherever else found.**

7.	Defendant **Nirav Shah** is an individual, resident if Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **66 Haven Shore Ln., Sugarland, TX 77479, or wherever else found.**

8. Defendant **Nikhil Shah** is an individual, resident if Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **66 Haven Shore Ln., Sugarland, TX 77479, or wherever else found.**

9. Defendant **Jones Lang Lasalle, Inc.** ("JLL") is a corporation, engaged in the business of real estate brokerage in Harris County, Texas. This Defendant maybe served with process by serving Matt Kafka, the Senior Managing Director and Co-Head of the Houston office at: **4200 Westheimer Rd Suite 1400, Houston TX 77027, or wherever else found.**

10. Defendant **William Keith Maxwell the III** is an individual, resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **12140 Wickchester Ln Ste 100, Houston, TX 77079, or wherever else found.**

11. Defendant **Allen Lawrence Berry** is an individual resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **5005 Riverway Dr #440, Houston, TX 77056, or wherever else found.**

12. Defendant **Azeemeh Zaheer** is an individual resident of Harris County, Texas, who may be served with process at Defendant's home, to wit by personal delivery at: **5513 Kansas St., Houston, Texas 77077, or wherever else found**.

13. Defendant **Riverway Group, LLC** is a Delaware Limited Liability Company. The limited Liability Partnership may be served with process by serving, Bobby Salehi, the Managing Director at : **5005 Riverway Dr #440, Houston, TX 77056, or wherever else found**.

14. Defendant **Bobby Salehi** is an individual resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **5005 Riverway Dr #440, Houston, TX 77056, or wherever else found**.

15. Defendant **David Tang** is an individual resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **9801 Westheimer Rd., Houston, TX 77042, or wherever else found**.

16. Defendant **Omar Khawaja** is an individual resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **5177 Richmond Ave. Suite 1065, Houston, TX 77056, or wherever else found**.

17. Defendant **Osama Abdullatif** is an individual resident of Harris County, Texas, who may be served with process at Defendant's place of business, to wit by personal delivery at: **5417 Valeria St., Bellaire, TX 77401, or wherever else found**.

### JURISDICTION AND VENUE

18. The subject matter in controversy is within the jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendants, because they are residents of Harris County, and all or substantial part of the events or omissions giving rise to claims occurred in Harris County. Additionally, the Court has subject-matter jurisdiction pursuant to Article V, Section 8, of the Texas Constitution and §24.007 of the Texas Government Code.

19. Damages sought in the present suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief of $500,000 or more, as well as non-monetary relief.

20. Venue in Harris County is proper pursuant to §15.002(a)(1)(2); §15.002(a)(3); and because all Defendants reside or have places of business in Harris County.

### FACTS

21.     For many years, the law firm of Jackson Walker, LLP ("Jackson Walker" or the "Firm") has represented Ali Choudhri ("Mr. Choudhri"), including undertaking representation of multiple companies founded and managed by Mr. Choudhri.

22.     Notably, during Jackson Walker's engagement with Mr. Choudhri and his companies, the Firm came to know intimate details about Mr. Choudhri contentious fraudulent divorce, perpetrated and funded by his business rivals, and confidential, proprietary, information regarding business entities owned and operated by Mr. Choudhri; especially, dealings and transactions related to Jetall Companies, Inc. The Firm also came to know who Mr. Choudhri's companies and entities conduct business transactions with, and detailed information regarding profitability, accounting, personnel management, and disputes regarding previous and ongoing litigation. Regrettably, ignoring this multi-year history of representation—a rather intimate professional relationship, and fiduciary duty, Jackson Walker, along with its co-counsels, Pillsbury Winthrop Shaw Pitman LLC ("Pillsbury") engaged in representation of Houston 2425 Galleria LLC, against Jetall Companies, Inc. Specifically, Jackson Walker sued its former client, Jetall Companies, LLC.[1]

23.     Unfortunately, in order to expose Jackson Walker's disloyalty, unprofessionalism and loack of integrity, Jetall Companies, Inc. was relegated to filing a motion to disqualify Jackson Walker and its co-counsels. At the hearing on Motion to Disqualify, indifferent to its duty of confidentiality, Jackson Walker blatantly defended the breach of fiduciary duty to Jetall

---

[1] The lawsuit on behalf of Houston 2425 Galleria LLC was filed in the Justice Court of Harris County for Precinct 1, Place 1. On the assigned date for the trial, Jackson Walker appeared with at least two attorneys, assisted by the law firm of Pillsbury Winthrop Shaw Pitman LLC, its co-counsel; altogether, at least seven attorneys were present at the Justice Court assisting the Houston 2425 Galleria LLC against Jetall Companies, Inc.

Companies, Inc., Mr. Choudhri, and his companies, cross-examined Mr. Choudhri, reaching communications protected by the sacred bond and sanctity of attorney-client privilege. However, after taking in evidence and testimony, the Justice Court determined that Jackson Walker breached the covenants of Texas Disciplinary Rules of Professional Conduct, and that it had violated fiduciary duty owed to Jetall Companies, Inc. and Mr. Choudhri. Thus, the Court ruled that Jackson Walker, and its co-counsels, were disqualified from representing Houston 2425 Galleria LLC. The Justice Court also determined that a substantial relationship existed between the matters in the present case, pending before the Court, and the cases in which Jackson Walker represented both Jetall Companies, Inc. and its principal Mr. Choudhri.

24. The Justice Court entered an order of disqualification dated October 29, 2024, attached herewith as Exhibit A, disqualifying Jackson Walker, its attorneys, and its co-counsel from representing any party, or having any role, in the case before the Court, and from representation of any party "in this case or the matters and issues relating thereto." The Justice Court further found that Jackson Walker had received personal, confidential, and proprietary information from Mr. Choudhri and his companies, including Jetall Companies, Inc., much of which was "intimately related" to the factual issues before the Court. The Court also held that Jackson Walker's representation "will result in a violation of the Disciplinary Rules of Professional Conduct." Moreover, the Court found that the law firms of Pillsbury Winthrop Shaw Pittman willingly and knowingly served as counsel in the Jetall Companies, Inc. eviction case, aware of its co-counsel lengthy and intrusive representation of the Defendant in the eviction case over the course of nearly a decade.

25. Jackson Walker's indifference to its ethical responsibilities to the bench, the bar, and its clients in the Houston 2425 Galleria litigation is part and parcel of this once prestigious law firm's dissent into indifference, lethargy, and sleaze.

   a. Just this month, the United States Department of Justice publicly announced its open investigation of the firm over, at least, allegations that it continued a representation of a client in a United States Bankruptcy Court even though the firm know that one of the principal attorneys in the case was carrying on a sexual affair with the Bankruptcy Judge. *See* J. Nami, "DOJ Seeks Jackson Walker's Partnership Agreement in Ethics Probe," BLOOMBERG LAW NEWS Website (October 22, 2024) (available at https://news.bloomberglaw.com/bankruptcy-law/doj-seeks-jackson-walkers-partnership-agreement-in-ethics-probe); E. Sawicki, "Judge Recuses Self After Opening Jackson Walker Ethics Probe," LAW360 Website Sept. 23, 2024 (available at https://www.law360.com/pulse/articles/1881525/judge-recuses-self-after-opening-jackson-walker-ethics-probe); ; K. Rubino, "Judge Slams Law Firm, Says It 'Defiled The Very Temple Of Justice,'" DEALBREAKER Website (available at https://dealbreaker.com/2024/09/judge-slams-law-firm-says-it-defiled-the-very-temple-of-justice).

26. Jackson Walker has cooperated, assisted, collaborated **PILLSBURY WINTHROP SHAW PITMAN LLP; MILI SHAH; NIRAV SHAH; NIKHIL SHAH; JONES LANG LASALLE, INC; WILLIAM KEITH MAXWELL III; ALLEN LAWRENCE BERRY; AZEEMEH ZAHEER; RIVERWAY GROUP, LLC; BOBBY SALEHI; DAVID TANG; OMAR KHAWAJA; and OSAMA ABDULLATIF** in an asymmetrical warfare against Jetall Companies, Inc. and used the confidential and proprietary information the Firm acquired from representation of Jetall Companies, Inc, Mr. Choudhri and his entities to deprive Plaintiff and Mr. Choudhri of their interest in a multitude of invaluable real estate transactions, ownership of certain real unique real estate, and sold privileged and protected information to Jetall Companies, Inc.'s business rivals and competitors. Jackson Walkers fraudulent actions have caused Plaintiff and Mr. Choudhri to sustain damages in the amount of at least one billion dollars.

Unofficial Copy Office of Marilyn Burgess District Clerk

## CAUSES OF ACTION

### I. FRAUD

27. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

28. Defendants' actions and conduct above constitutes fraud against Plaintiff, Mr. Choudhri and his entities. Plaintiff requests that the Court grant judgment for actual and exemplary damages in an amount determined by the trier of fact.

### II. BREACH OF CONTRACT

29. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Plaintiff has had one or more contracts for legal representation with Jackson Walker and Pillsbury. Adherence to the ethics rules governing Texas attorneys were an implicit part of each of those contracts. By meeting its legitimate fee obligations, Plaintiff and its principal adhered to its obligations under these contracts, substantially performing under the agreements.

31. By failing to adhere to the Texas Rules of Disciplinary Conduct, Defendant law firms breached these contracts. As a direct and proximate result of these breaches of these contracts, Plaintiff suffered and incurred damages.

### III. CIVIL CONSPIRACY

32. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendants, including each one of them, entered into a collaborative scheme between themselves and others for the purpose of accomplishing an object or course of action, principally,

to cause substantial financial and personal harm to the business operations of Jetall Companies, Inc. and to Mr. Choudhri's other entities.

34. The Defendants in this conspiracy reached a 'meeting of the minds' on the object or course of action—the combination of actions they would pursue. Defendants goal was to: enrich themselves, regardless of the quantity of soiling of their conscience. Defendants engaged in one or more unlawful, overt acts taken in pursuance of the malevolent object and course of action.

35. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and incurred damages.

## IV. NEGLIGENCE

36. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. The Plaintiff and its principal had a long and, for the Defendant law firms, quite a lucrative, attorney-client relationship. The Defendants had a duty of maintaining proper professional conduct arising from the law firms' legal representation of the Plaintiff and its principal. The Defendants' law firms breached the standard of care that arose from the attorney-client relationships by negligently and voraciously leaping into the sordid relationship with Houston 2425 Galleria.

38. The Defendants' law firms acted negligently by not advising its former clients of its intent to join the effort a business competitor, including marching into a Texas Justice Court with at least seven lawyers.

39. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and incurred damages.

## V. BREACH OF FIDUCIARY DUTY

40. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

41. Defendants Jackson Walker, Pillsbury Winthrop Shaw Pittman, and Conrad owed the Plaintiff a fiduciary duty as the Plaintiff's attorney.

42. The Defendants breached their fiduciary duty by its back-stabbing post-representation to disrupt and destroy the business of the Plaintiff and its principal. Defendants' breach of fiduciary duty proximately caused injuries to the Plaintiff including, but not limited to, the expenses incurred in hiring them only to see them make 180-degree representation turn, morphing from the advocate and defender of the Plaintiff to its tenacious and incessant enemy.

43. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and incurred damages.

## VI.  COMMON LAW FRAUD

44. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

45. In inducing the lawyer-client relationship with the Plaintiff, Defendant law firms and Defendant Conrad made one or more statements of intention and fact that were not true and that these Defendants knew, or should have known, were not true.

46. Plaintiff, as intended, relied upon these statements of fact.

47. As a direct and proximate result of these false and fraudulent statements, Jackson Walker continued its one firm war against decency and ethical conduct and, joined by the other Defendants, caused the Plaintiff to suffer and incur damages.

## VII.   RESPONDEAT SUPERIOR

48. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

49. Pleading in the alternative, if such is necessary, and incorporating all of the facts and allegations herein as if set forth in full, Defendant law firms are liable under the doctrine of *respondeat superior* for the conduct of their attorneys and employees, including the individual.

50. The acts and omissions giving rise to the Plaintiff's causes of action occurred during these individuals' course and scope of employment for the Defendant law firms, or were for performed, lor occurred, while the individual defendants were Defendant Jones Walker, or were done while subject to the control of Defendant law firms, or while acting as an agent for same.

51. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and incurred damages.

## VIII.   JOINT ENTERPRISE

52. Incorporating all of the facts and allegations herein as if set forth in full, and as Plaintiff will further establish, Defendants were engaged in a joint enterprise.

53. Plaintiff alleges and will show, that the Defendants had an agreement for a common purpose of extracting enrichment and profit for themselves, which is a community of pecuniary interest in this common purpose, and both shared a right to direct and control the enterprise.

54. All of these defendants profited from this arrangement.

55. As such, Defendants Jones Walker are liable for any actions or inactions giving rise to

liability of Defendants Ardoin and Wilson and Defendants Ardoin and Wilson are liable for any actions or inactions of Defendant Jones Walker.

### IX.     JOINT VENTURE

56.     Pleading in the alternative, if such is necessary, and upon information and belief, and incorporating all of the facts and allegations herein as if set forth in full, Plaintiff will show that the Defendants were engaged in a joint venture wherein these parties had a in the venture, and agreement to share profits and losses, and a mutual right to control the venture.

57.     Consequently, Defendants are liable for any actions or inactions giving rise to liability of Defendants**.**

### X.     TORTIOUS INTERFERENCE

58.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

59.

### XI.     EQUITABLE RELIEF

60.     Plaintiffs will seek to protect its interest, in its tenancy, as a former client, and as a present litigant by seeking equitable relief from the honorable Court or a Harris County ancillary court.

61.     One or more motions for such equitable relief will follow this Petition.

62.     Given the very real possibility that one or more Defendant will try to 'cover its tracks' and try to preserve what may be left of its good name in the Texas communities in which the Defendants practice, this Court and the Plaintiff must be on their guard against the destruction (or hiding) of evidence.

63.     Plaintiff should, and must be enjoined by a Temporary Restraining Order, and other injunctions, against hiding, suppressing, damaging, altering, moving, or destroying traditional or digital evidence, including, but not limited to, electronic mails, nonelectronic communications, text messages, files, notes, recordings, and visual evidence, pertaining, naming, or concerning the Plaintiff, Mr. Ali Choudhri, Houston 2425 Galleria, LLC, any company for or in which Mr. Choudhri serves as a Director, Member, or officer, any family member or relative of Mr. Choudhri, the management, marketing, or potential or actual sale of 2425 West Loop South in Houston, and communications, of any kind, amongst or between Defendants.

## EXEMPLARY DAMAGES

64.     Plaintiff respectfully seeks an award of constitutional and proper exemplary damages pursuant to § 41.003 of the Texas Civil Practices and Remedies Code. Plaintiff will show by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: fraud, malice, and/or gross negligence.

65.     Plaintiff requests that, if the issue of exemplary damages is submitted to a jury, that said jury be told that "you are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous."

## ATTORNEYS' FEES, LEGAL EXPENSES, AND COSTS OF COURT

66.     In addition to a judgment for its actual damages and a judgment for exemplary damages, Plaintiff respectfully requests a judgment for reasonable attorney's fees and costs pursuant to § 38.001(b)(8) of the Texas Civil Practice and Remedies Code.

## APPLICATION FOR TEMPORARY RETSTRAINING ORDER

67.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

68.     A temporary restraining order is necessary in order to stop Defendants from tortiously interfering with Plaintiff's business affairs, including the use of inside information in aiding, abetting and facilitating business transactions including Plaintiff's adversaries.

69.     The threatening and ongoing injuries are immediate, and they have and will directly and proximately cause irreparable harm to Plaintiff. As described above, Defendants' continued pursuit of sabotaging Plaintiff's business transactions will continue to expose Plaintiff to financial, economic, and reputational harms. These harms include, but are not limited to, loss of revenue, loss of property value, and loss of good will and reputation with Houston business partners, creditors, and customers. The total current and prospective loss to Plaintiff resulting from Defendants' conduct is irreparable and incalculable. This entitles Plaintiffs to injunctive relief. The balance of the equities is served by an injunction as it protects Plaintiff's ownership rights, goodwill, business reputation and property. A temporary restraining order is necessary to preserve the status quo between the parties pending appeal of the Original Lawsuit.

70.     Plaintiff is entitled to a temporary restraining order, temporary injunction and permanent injunction against Defendants (and their agents, servants, employees, and anyone in active concert or participation) that: attempts to collect, execute or enforce the Judgment that has been superseded by cash deposit in the Original Lawsuit; conduct or execute post-judgment discovery, litigation on or from parties to the Original Lawsuit, or non-parties related to the Original Lawsuit, or to Plaintiffs' business(es); attempt to obstruct, thwart, disrupt, or derail in any manner, the lawful business practices of Plaintiff, and its related business entities, in the marketplace.

71. Plaintiff is not opposed to posting an appropriate bond, although Plaintiff asserts that a low bond is appropriate in this case because Defendants will suffer no monetary losses because of a grant of injunctive relief.

## REQUEST FOR TEMPORARY INJUCTNION

72. Plaintiff fully incorporates the preceding paragraphs as if stated herein.

73. Plaintiff will, at a hearing, demonstrate the likelihood of success on the merits and the balancing of equities favors the issuance of a temporary injunction and eventually a permanent injunction against Defendants.

74. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure

## REQUEST FOR PERMANENT INJUNCTION

75. Plaintiff fully incorporates the preceding paragraphs as if stated herein.

76. Plaintiff asks the Court to set their request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against the Defendants.

## REQUEST FOR PRESERVATION

77. Plaintiff fully incorporates the preceding paragraphs as if stated herein.

78. Plaintiff requests that Defendants preserve all documents, electronic or otherwise, that pertain to the matters addressed in this pleading and to not discard, destroy, or conceal such documents from this point forward.

## MOTION FOR EXPEDITED DISCOVERY

79. Plaintiff fully incorporates the preceding paragraphs as if stated herein.

80. The Texas Rules of Civil Procedure provide that the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by court order for good cause. Tex.

R. Civ. P. 191.1. "[T]he trial court has discretion to schedule discovery and may shorten or lengthen the time for making a response for good cause." *In re Nat'l Lloyds Ins. Co.*, No. 13-15-00390-CV, 2015 WL 6759153, at *5 (Tex. App. Nov. 3, 2015) (affirming the trial court's broad discretion to fashion expedited discovery pursuant to a temporary injunction hearing). "Good cause" exists to expedite discovery in this proceeding to allow Plaintiffs to obtain information from Defendants because Plaintiffs are seeking injunctive relief.

81. This discovery is essential for Plaintiff to prepare for the upcoming temporary injunction hearing. As such, Plaintiffs pray for the entry of an order granting this motion and allowing the parties to conduct discovery on an expedited basis.

## CONDITIONS PRECEDENT

82. Plaintiff fully incorporate the preceding paragraphs as if stated herein.

83. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

84. Plaintiff requests disclosure, within 50 days of service of this petition, of all information and materials required under Texas Rules of Civil Procedure 194.2.

## JURY DEMAND

85. Plaintiff hereby files with the Clerk of the Court their written request for a jury trial on all triable issues and tender the required jury fee.

## PRAYER

*Jetall Companies v. Jackson Walker LLP, et. al.*
PLAINTIFF'S ORIGINAL PETITION
Page 16

86. For the reasons outlined above, Plaintiff respectfully requests that the Court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against the Defendants for the following:

(a) Temporary Injunction;
(b) Permanent Injunction;
(c) Actual Damages;
(d) Exemplary Damages;
(e) Prejudgment and post judgment interest;
(f) Court costs;
(g) Reasonable and necessary attorneys' fees;
(h) All other relief to which Plaintiffs are entitled.

Respectfully submitted,

By:    */s/ Justin Rayome*
**Justin Rayome**
State Bar No.: 24130709
1606 Caslyn Dr.,
Rosenberg, Texas 77471
Telephone: (214) 934-9345
Email: justinrayome3@gmail.com
**COUNSEL FOR PLAINTIFF**