IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § <br> § <br> **Galleria 2425 Owner, LLC** § <br> § <br>     **Debtor.** § <br> § | | Case No. 23-34815 (JPN) <br><br> Chapter 11 |
| **JETALL COMPANIES, INC.,** § <br> § <br>     **Plaintiff** § <br> § <br> v. § <br> § <br> **JACKSON WALKER LLP, HOUSTON** § <br> **2425 GALLERIA, LLC, PILLSBURY** § <br> **WINTHROP SHAW PITTMAN LLP,** § <br> **MILLIE SHAH, NIRAV SHAH, NIKHIL** § <br> **SHAH, JONES LANG LASALLE, INC.,** § <br> **WILLIAM KEITH MAXWELL, III,** § <br> **LAWRENCE BERRY, AZEEMEH** § <br> **ZAHEER, RIVERWAY GROUP, LLC,** § <br> **BOBBY SALEHI, DAVID TANG, OMAR** § <br> **KHAWAJA, OSAMA ABDULLATIF,** § <br> § <br>     **Defendants** § | | Adversary No. 24-03257 |

**RESPONSE IN FURTHER SUPPORT OF THE GATEKEEPING MOTION
AND IN OPPOSITION TO JETALL COMPANIES, INC.'S
AMENDED MOTION FOR REMAND**

**TO THE HON. JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Houston 2425 Galleria, LLC ("Houston 2425") submits this response in further support of its *Motion to Compel Compliance with the Plan's Gatekeeping Provisions and Statement in Further Support of Removal* [ECF No. 6] (the "Gatekeeping Motion") and in opposition to the *Amended Motion for Remand* (the "Amended Motion") [ECF No. 12] filed by Jetall Companies, Inc. ("Jetall"), stating as follows:

**PRELIMINARY STATEMENT**

1. Although no response to the Amended Motion is due now, Houston 2425 responds early for two reasons. First, if Jetall intends for the Amended Motion to be its response to the Gatekeeping Motion that was due on January 3, 2025 pursuant to this Court's O*rder Setting Hearing* [ECF No. 7], it fails, and feigned confusion over whether the Amended Response is a timely response to the Gatekeeping Motion, as required by the Court's *Order Setting Hearing* should not delay Tuesday's hearing on the Gatekeeping Motion for which no timely response was filed. Second, the Amended Motion lacks merit, ignores the "artful pleading" corollary of the "well-pleaded complaint" rule, relies on a case that the current Chief Bankruptcy Judge for the Southern District declined to follow after a thorough analysis in a decision of which Jetall has first-hand knowledge, and should be denied.

**ARGUMENT & AUTHORITIES**

A. **Jetall Must Comply with the Gatekeeping Provisions of the Plan *Before* It Can Bring Claims Related to the Debtor Against Houston 2425 or Pillsbury in Any Forum**

2. Jetall's obligation to comply with the gatekeeping provisions of the unstayed Plan[1] is distinct from any remand issue and must be complied with fully before any remand request is considered, and even then, only if the Court concludes that Jetall has stated colorable, non-estate claims against Houston 2425 and Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury").[2] Although

---

[1] *Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait S.A.K.P., New York Branch* [Case No. 23-34815, ECF No. 194] (the "Plan").

[2] The Fifth Circuit explained the operation of similar gatekeeping provisions in the context of the chapter 11 plan in *Highland Capital*:

> Under the Plan, bankruptcy participants are enjoined "from taking any actions to interfere with the implementation or consummation of the Plan" or filing any claim related to the Plan or proceeding. Should a party seek to bring a claim against any of the protected parties, it must go to the bankruptcy court to "first determin[e], after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind." Only then may the bankruptcy court "specifically authoriz[e]" the party to bring the claim. The Plan reserves for the bankruptcy court the "sole and exclusive

( . . . footnote continues on following page . . . )

Jetall may seek to skirt these prerequisites by claiming (without demonstrating) that the "lawsuit does not involve the debtor," any argument that Jetall's claims are unrelated to the Debtor (or property of the estate), and therefore not subject to the Plan's gatekeeping provisions, is belied by the *Lis Pendens*.[3] The Amended Motion neither mentions the *Lis Pendens* nor addresses the obvious connection between the Removed Action[4] and this Court's *Order Granting NBK's Emergency (Renewed) Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property* [Case No. 23-34815, ECF No. 871]. Accordingly, Jetall cannot proceed with its lawsuit in this Court – or any court – without first making the requisite showings to satisfy the Plan's gatekeeping provisions.

3. The Amended Motion simply argues that remand is appropriate (which it is not) because its original petition was "well-pleaded." But "well-pleaded" is not the standard for determining whether the asserted claims are colorable. The proper standard for determining colorability in the context of gatekeeping provisions in a chapter 11 plan was articulated in *Highland Capital*, as follows:

> The court concludes that the appropriate standard to be applied in making its "colorability" determination in ***this*** bankruptcy case, in the exercise of its gatekeeping function pursuant to the two Gatekeeper Orders and the Gatekeeper Provision in ***this*** Plan, is a broader standard than the "plausibility" standard applied to Rule 12(b)(6) motions to dismiss. It is, rather, a standard that involves ***an additional level of review***—one that places on the proposed plaintiff a burden of making a prima facie case that its proposed claims are ***not without foundation***, are ***not without merit***, and are ***not being pursued for any improper purpose such as harassment***. Additionally, this court may, and should, take into consideration its knowledge of the ***bankruptcy proceedings*** and ***the parties*** and any additional

---

jurisdiction to determine whether a claim or cause of action is colorable" and then to adjudicate the claim if the court has jurisdiction over the merits.

*Matter of Highland Capital Mgmt., L.P.*, 48 F.4th 419, 427 (5th Cir. 2022).

[3] The "*Lis Pendens*" is attached as Exhibit A [ECF No. 6-1] to *Defendant Houston 2425 Galleria, LLC's Motion to Compel Compliance with the Plan's Gatekeeping Provisions and Statement in Further Support of Removal* [ECF No. 6].

[4] *Jetall Companies, Inc. v. Jackson Walker, LLP, et al.*, Cause No. 2024-83809, removed from the 55th Judicial District Court of Harris County (the "Removed Action").

evidence presented at the hearing on the Motion for Leave. For ease of reference, the court will refer to this standard of "colorability" as the "Gatekeeper Colorability Test." The court considers this test as a sort of hybrid of what the *Barton* doctrine contemplates and what courts have applied when considering motions to file suit when a vexatious litigant bar order is in place.

*In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2023 WL 5523949, at *41 (Bankr. N.D. Tex. Aug. 25, 2023) (emphasis in original).

4. The deadline for Jetall to respond to the Gatekeeping Motion was January 3, 2025. *See Order Setting Hearing* [ECF No. 7]. Because it did not and has only filed the Amended Remand Motion which fails to address how the claims asserted by Jetall are colorable, non-estate claims, the Gatekeeping Motion should be allowed and the Removed Action dismissed.

    **B.    Even If Jetall Could Satisfy the Plan's Gatekeeping Provisions, Which It Cannot, the Court Should Not Remand the Removed Action**

5. There are multiple, equally compelling reasons for the Court to deny the remand request, including the following:

6. First, even if Jetall had made the requisite showing under the confirmed Plan, implementation of the Plan requires that this Court exercise jurisdiction over the matter. Article X of the Plan provides that the "Court shall retain jurisdiction of all matters ***arising under***, or ***related to***, these proceedings, including, ***but not limited to***: . ." and lists several examples (emphasis added).

7. Second, there is nothing well-pleaded about the original petition, especially as it relates to Houston 2425 and Pillsbury. The petition contains a rambling narrative, which appears to have been lifted from other lawsuits Choudhri, Jetall, and their affiliates have brought, but there are no specific allegations of any conduct by Houston 2425 and Pillsbury in it. There also is no causal connection alleged between anything either has done and the "at least one billion dollars" in alleged damages relating to real property.

8. Third, remand is discretionary, and there is no reason, on these facts or under the law, to exercise that discretion here.

9. Fourth, the only possible connection to Choudhri by Houston 2425 and Pillsbury is through this Debtor and the property located at 2425 West Loop South (the "Property") which was transferred in the chapter 11 case. Therefore, any conduct by either party necessarily involved property of the estate or occurred in connection with or adjacent to the chapter 11 case. To the extent that there is a lack of specificity about this in Jetall's petition, that was cured by the now-canceled *Lis Pendens*, which was filed against the Property because the Removed Action expressly "affects the property located on 2425 West Loop South."[5] This nexus establishes arising-in jurisdiction under 28 U.S.C. §1334 because, but for the chapter 11 case, there could be no claims against Houston 2425 and Pillsbury, and if there are claims, they arise from conduct effectively overseen by this Court, which it should properly regulate. But even if not, this relationship to the Debtor and the Property establishes related-to jurisdiction for the reasons set forth in the Notice of Removal [ECF No. 1] and the Gatekeeping Motion.

10. Fifth, *Garza* is inapplicable, as explained in the following sections.

**C.   This Court Is Not Bound by *Garza* to Apply the Well-Pleaded Complaint Rule**

11. In *Briar Building*, Chief Bankruptcy Judge Rodriguez thoroughly analyzed *Garza* and determined that the well-pleaded complaint rule only applies when determining whether there is arising-under jurisdiction over a removed action, not arising-in or related-to jurisdiction. *Garza* was an adversary proceeding that Jetall's principal, Ali Choudhri, successfully had remanded as the defendant because the claim in *Briar Building* was based upon arising-under jurisdiction, and the claim against Choudhri did not arise under a section of the Bankruptcy Code.

---

[5] *See Notice of Lis Pendens* [Case No. 23-34815, ECF No. 861-1].

> The court in *Garza* held that bankruptcy courts must utilize the well-pleaded complaint rule in assessing bankruptcy jurisdiction over removed cases § 1334. *Garza* supports its conclusion that the well-pleaded complaint rule applies to § 1334, including to this Court's "related to" jurisdiction, by citing to three cases: *In re Polvado*, *Malesovas v. Sanders*, and *In re LJM2 Co-Inv., L.P.* However, this Court notes that none of these cases engaged in a meaningful analysis of whether the well-pleaded complaint rule should apply only to the bankruptcy court's "arising under" jurisdiction or if it should also apply to the court's "arising in" and "related to" jurisdiction as well. Several courts in the Fifth Circuit that have considered this issue in greater detail have concluded that the well-pleaded complaint rule does not apply to "related to" and "arising in" bankruptcy jurisdiction under § 1334(b). This Court agrees that the well-pleaded complaint rule is inapplicable to this Court's "related to" or "arising in" jurisdiction.

*In re Briar Bldg. Houston LLC*, 649 B.R. 719, 724-25 (Bankr. S.D. Tex. 2023). For Judge Rodriguez's complete analysis see *id.* at 725-26.

12.   Despite Jetall's first-hand knowledge of this analysis and the ruling in *Briar Building*, the Amended Motion makes no attempt to refute its rationale. Thus, because jurisdiction over the Removed Action is either arising-in or related-to jurisdiction, the Court need not apply the well-pleaded complaint rule to find it has jurisdiction. Indeed, as it involves determining related-to jurisdiction over a removed action, the Fifth Circuit has held that the well-pleaded complaint rule is inapplicable. *Collins v. Sidharthan (In re KSRP, Ltd.)*, 809 F.3d 263, 268 n.3 (5th Cir. 2015) ("the well-pleaded complaint rule does not apply in determining whether a bankruptcy court has 'related to' jurisdiction over a removed case" . . .).

     **D.**    **Even If the Court Follows *Garza*, It Does Not, as Jetall Claims,[6] Mandate Remand Here**

13.   In *Garza*, the plaintiff asserted workplace personal injury claims occurring prior to the debtor's petition date against a reorganized debtor. *Garza v. Earthstone Energy, Inc.*, 582 F. Supp. 3d 405, 406 (S.D. Tex. 2022). The plaintiff filed its claims in state court more than a year after chapter 11 plan of reorganization effective date and after the bankruptcy case had closed. *Id.*

---

[6] Amended Motion at 2.

at 408-09. The reorganized debtor sought removal on the basis of related-to jurisdiction because the claims could have been brought in the bankruptcy case. *Id.* at 409.

14. In remanding, the *Garza* court applied the Fifth Circuit's "more exacting theory of jurisdiction,"[7] referred to as *Craig's* rule: "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001).

15. The *Garza* court noted "it is not clear whether *Craig's* rule applies when the debtor's confirmed plan is a plan of liquidation rather than a plan of reorganization." *Garza*, 582 F. Supp. 3d at 412 (quoting *Schmidt v. Nordlicht*, No. CV H-16-3614, 2017 WL 526017, at *3 (S.D. Tex. Feb. 9, 2017)). In *Schmidt*, which, like this case, involved a plan of liquidation, Chief District Judge Rosenthal identified three factors to determine if *Craig's* rule applied,[8] and did not apply the well-pleaded complaint rule in its analysis, ultimately finding it had related-to jurisdiction. *Garza* declined to follow *Schmidt*, in part, because *Schmidt* involved a plan of liquidation, and *Garza* then applied *Craig's* rule, as limited by the well-pleaded complaint rule.

16. Assuming that Chief Bankruptcy Judge Rodriguez and Chief District Judge Rosenthal are both wrong and that the well-pleaded complaint rule applies, the result here – the Court has jurisdiction over the Removed Action - still does not change. It is of no consequence, as Jetall contends, that the "petition says nothing about the bankruptcy"[9] because:

> An independent corollary of the well-pleaded complaint rule, however, establishes that a plaintiff may not defeat removal by fraudulent means or by "artfully" omitting to plead essential federal issues in the complaint. In such a case, courts

---

[7] *Id.* at 410.

[8] "(1) the claims arise from pre-or post-confirmation relations; (2) there was antagonism or a claim pending between the parties as of the date of the bankruptcy; and (3) any facts or law deriving from the bankruptcy are necessary to the claim." *Schmidt*, 2017 WL 526017, at *3.

[9] Amended Motion at 5.

will not permit rigid application of the well-pleaded complaint doctrine to aid a plaintiff's attempt to circumvent federal jurisdiction. Thus, where the artful pleading analysis is appropriate, removal is proper despite the absence of a federal issue on the face of the complaint.

*Eitmann v. New Orleans Pub. Serv., Inc.*, 730 F.2d 359, 365 (5th Cir. 1984) (internal citations omitted).

17. In the Removed Action, Jetall asserts that the defendants "cooperated, assisted, collaborated . . . to deprive Plaintiff and Mr. Choudhri of their interests in a multitude of invaluable real estate transactions, [and] ownership of certain real unique real estate . . . ."[10] As noted above, despite not mentioning the Debtor or the Bankruptcy Case in the petition, it is easy to "discern"[11] (directly from the petition under the well-pleaded complaint rule) that the alleged deprivation of ownership of real estate stems from the sale of the Property in the Bankruptcy Case to Houston 2425, an arising-in or related-to process "pertaining to the implementation or execution of the

---

[10] *Plaintiff's Original Petition* [ECF No. 1-2 at p. 8 of 18].

[11] Jetall claims:

> A leading federal jurisdiction treatise is also unequivocal in its view: "Bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, which requires that the basis of federal jurisdiction be ***discernible*** from matters alleged in the complaint." MOORE'S FEDERAL PRACTICE § 107.15[8][b], (3d. ed. 2004), *quoted in Malesovas*, 2005 WL 1155073.

Amended Motion at 3 (emphasis added).

However, in the intervening 21 years, the treatise's "unequivocal" view on the application of the well-pleaded complaint rule regarding bankruptcy jurisdiction has changed markedly, and section 107.15 no longer exists.

> The courts are split as to whether removal of bankruptcy cases is subject to the well-pleaded complaint rule, which requires the basis of federal jurisdiction to be discernible from matters alleged in the complaint (see § 107.71). In *American Nat'l Red Cross v. S.G.*, the Supreme Court stated that the rule was erroneously invoked "outside the realm of statutory 'arising under' jurisdiction, *i.e.*, jurisdiction based on 28 U.S.C. § 1331." This language indicates that the rule may be either inapplicable to bankruptcy jurisdiction altogether or at least inapplicable to "arising in" and "related to" (as opposed to "arising under") cases. However, some courts have applied the rule in the context of removals based on bankruptcy jurisdiction with no apparent distinction between "arising under" and "arising in" or "related to" cases. Because bankruptcy jurisdiction is necessarily broad in order to protect the assets of the debtor against competing claims, the cases rejecting application of the well-pleaded complaint rule are correct as long as the asserted claim can be said to be arising under Title 11 or arising in or related to cases under Title 11.

16 MOORE'S FEDERAL PRACTICE § 107.106 (2024) (footnote citations omitted).

The treatise also provided the Fifth Circuit's view on the matter at *id.* at n.13.1 (citing *Collins v. Sidharthan (In re KSRP, Ltd.)*, 809 F.3d 263, 268 n.3 (5th Cir. 2015) ("the well-pleaded complaint rule does not apply in determining whether a bankruptcy court has 'related to' jurisdiction over a removed case" . . . )).

plan." Thus, even under the more stringent *Craig's* rule and even limited by the well-pleaded complaint rule, removal was appropriate and remand is not.

## CONCLUSION

18. For the foregoing reasons, Houston 2425 respectfully requests that this Court grant the Gatekeeping Motion and dismiss the Removed Action, or if it does not dismiss the Removed Action, deny the Amended Motion, and retain jurisdiction over the Removed Action. Proposed forms of order are attached as Exhibits A and B for the Court's consideration.

Dated: January 6, 2025        **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad (Tex. Bar No.24040721)
Ryan Steinbrunner (Tex. Bar No. 24093201)
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- and -

Andrew M. Troop (Mass. Bar No. MA547179)
Patrick E. Fitzmaurice (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

*Counsel for National Bank of Kuwait, S.A.K.P, New York Branch*

**CERTIFICATE OF SERVICE**

    I certify that, on January 6, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and to the following parties via email and/or U.S. first class mail, postage paid:

Joseph Carl Cecere, II
Cecere PC
6035 McCommas Blvd
Dallas, TX 75206
ccecere@cecerepc.com

Stephen Wayne Sather
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
ssather@bn-lawyers.com

David Neal Stern
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
dstern@bn-lawyers.com

Jetall Companies, Inc.
c/o Ali Choudhri
ali@jetallcompanies.com
ali@jetallcapital.com

Mark Edwin Smith
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
msmith@bn-lawyers.com

J. Marcus Hill
Hill & Hill, P.C.
1770 St. James Street, Ste 440
Houston, TX 77056
marc@hillpclaw.com

Justin Rayome
1606 Caslyn Drive
Rosenberg, TX 77471
justinrayome3@gmail.com

             */s/ Charles C. Conrad*
               Charles C. Conrad

4920-8208-8204.v4